# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD DAVID<br>38 Wilbur Street<br>Everett, Massachusetts  02149,<br><br>    Plaintiff,<br><br>KEOLIS COMMUTER SERVICES, LLC<br>470 Atlantic Avenue, 5th Floor<br>Boston, Massachusetts  02210<br><br>    Serve:<br>    National Corporate Research, Ltd.<br>    44 School Street, Suite 325<br>    Boston, Massachusetts 02108,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)  Case No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND REQUEST FOR JURY TRIAL

Plaintiff, Donald David, by and through counsel, Carolyn M. Latti, Esquire, Latti & Anderson, LLP, P. Matthew Darby, Esquire, H. David Leibensperger, Esquire and Berman, Sobin, Gross, Feldman & Darby, LLP, sues Defendant, Keolis Commuter Services, LLC, and as causes of action states as follows:

## PARTIES, JURISTICTION AND VENUE

1. Plaintiff Donald David is a citizen of Massachusetts.

2. Defendant Keolis Commuter Services, LLC ("Keolis"), is a railroad corporation organized under the laws of Delaware, with its principal place of business in Boston, Massachusetts, and doing business throughout the Greater Boston area, engaging in the carrying of passengers for hire between and through several States of the United States.

1

3. This Court has original federal question subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331 and the Federal Employers' Liability Act, 45 U.S.C. §§ 51, et seq. ("FELA").

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) inasmuch as a substantial part of the events or omissions giving rise to this claim occurred in Massachusetts, and 28 U.S.C. § 1391(b)(2) inasmuch as Keolis' principal place of business is in Boston, Massachusetts, and is doing business throughout the Greater Boston area, engaging in the carrying of passengers for hire between and through several States of the United States.

### COUNT 1 – Violation of the FELA

5. Mr. David's action arises under the FELA, as well as the Locomotive Inspection Act, 49 U.S.C. § 20-701, and the Safety Appliance Act, 49 U.S.C. § 20302.

6. At all times herein mentioned, the Plaintiff and the Defendant were engaged in interstate commerce; all trackage, cars, equipment and premises involved were under the control of the Defendant.

7. On or about August 7, 2017, Mr. David, while in the employ of the Defendant as a conductor, sustained severe injuries.

8. On that date, Mr. David was performing his duties as a conductor and working on a Keolis commuter train, which was approaching Brandeis Station.

9. Brandeis Station was very busy at the time of day that this accident occurred. The weather was cloudy on this day and there had been rain the day prior to the accident.

10. As the train was approaching the station, Mr. David opened the train door and lifted the trap door on the train, which allowed access to the stairs for the passengers who would be

disembarking the train.  It was necessary to lift the trap to allow access to the stairs because the approaching station has a low level platform.

11.  As the train continued to approach the station, Mr. David looked out the open door, while maintaining four points of contact, so that he could observe the platform for any potential safety issues as he had been trained and instructed.  As he was doing this, his foot slipped and he fell out the open door and his left foot was amputated under the train.

12.  Prior to this accident there had been numerous complaints about the slippery and dangerous nature of the vestibule and step area on Defendant Keolis' railroad passenger cars.

13.  Defendant Keolis violated Federal Regulations promulgated to protect the safety of its employees, such as Plaintiff.  Defendant Keolis violated, among other regulations, 49 C.F.R. §238.305 ( c) (2), which states that, with regard to its passenger rail cars, it was required to confirm that all "[f]loors of passageways and compartments are free from oil, water, waste, or any obstruction that creates a slipping, tripping, or fire hazard, and floors are properly treated to provide secure footing".

14.  Defendant Keolis, as the result of its violations of Federal Regulations promulgated to protect the safety of its employees, such as Plaintiff, is strictly liable for the injuries and damages sustained by the Plaintiff and, further, as a result of said violations, Plaintiff cannot be charged with the defense of contributory negligence.

15.  Defendant Keolis owed to Mr. David a non-delegable duty to provide a reasonably safe place in which to perform his work.

16.  Defendant Keolis breached its duty to provide Mr. David with a reasonably safe place to work in that:

    a. It failed to use due care to furnish the Plaintiff with a reasonably safe place in which to work;

    b. It failed to act in a timely fashion on the complaints made by various individuals concerning the slippery nature of the vestibule and step areas of its passenger rail cars;

    c. It failed to apply an anti-slip covering to the vestibule and step areas of its passenger rail cars;

    d. It failed to warn the Plaintiff of the dangerous slippery conditions in the vestibule and step areas of its passenger rail cars where he was required to work;

    e. It failed to properly instruct Plaintiff on the proper procedures to utilize when a train is entering a station;

    f. It was otherwise careless, reckless and negligent.

17. As a direct and proximate result of the negligence of Defendant Keolis, Mr. David was seriously, painfully and permanently injured and disfigured about his body and limbs, resulting in an amputation of his left foot, which caused and will continue to cause pain, suffering and mental anguish, surgical, medical, prosthetic and other related expenses, an inability to perform his usual activities, and loss of income and wage earning capacity, all past, present and future.

WHEREFORE, the Plaintiff, Donald David, demands judgment against the Defendant, Keolis Commuter Services, LLC, in an amount to be determined by the Jury, together with interest and costs.

        DONALD DAVID
        By his Attorneys,

        /x/ Carolyn M. Latti
        CAROLYN M. LATTI, Esquire
        BBO# 567394
        Latti & Anderson, LLP
        30-31 Union Wharf
        Boston, Massachusetts  02109
        (617) 523-1000
        clatti@lattianderson.com

        TO BE ADMITTED PRO HAC VICE

        P. Matthew Darby, Esquire
        H. David Leibensperger, Esquire
        Berman, Sobin, Gross, Feldman & Darby
        1301 York Road, Suite 600
        Lutherville, Maryland  21093
        (410) 769-5400
        pmdarby@bsgfdlaw.com
        hdavid@bsgfdlaw.com

Dated: November 14, 2017

## REQUEST FOR JURY TRIAL

Plaintiff Donald David by and through the undersigned counsel, requests a jury trial on all issues presented herein.

        /x/ Carolyn M. Latti
        CAROLYN M. LATTI, Esquire